Good morning, everyone. The panel has before it four cases this morning, three of them being argued and one being submitted on the briefs without oral argument. I will just note for the record, the submitted case, it's number 2009-3060, McGuire v. Department of the Army. Again, that case is being submitted on the briefs without oral argument. The first case in which we'll hear oral argument this morning is number 2008-7082, Sims v. Department of Veterans Affairs. Mr. Carpenter, welcome to the court again. I saw you in court the other day in the gallery. Nice to have you in front of us. Thank you very much, Your Honor. May I please support Kenneth Carpenter? Now you get the chance to answer questions. Yes. May I please support Kenneth Carpenter appearing on behalf of Mr. James Sims? Mr. Sims is here questioning the lower court's decision on the jurisdiction of the Board of Veterans' Appeals. Under the decision below, which relied on its decision in Bernard, the Bernard decision found that the question of jurisdiction in the reopening of a case under 38 U.S.C. 5108 was in fact the same matter as the merit determination of that reopened claim. Mr. Carpenter, I read the briefs a couple of times. I'm having trouble understanding what the point is here. Is the point that after the decision on remand from the Board, there should have been a statement of the case rather than a supplemental statement of the case? No. What's the prejudice? Well, the prejudice is, Your Honor, that under 5104 and under 3.103B.1, the VA is required to give written notification of its new decision. They did not give written notification of its new decision, and that notice under 5104 and under 3.103B starts the time frame under 5104. How is he prejudiced? What happened here that prejudiced the veteran? That's what he didn't get. That's correct. But he didn't get it because you asked that it be immediately transferred to the Board? Well, because they didn't pursue what they were required to do, and I presented that argument to the Board and asked them to send it back for those notice requirements. But it was what you're saying that at the time of the transfer to the Board, this had already happened? Yes. The prejudice had already occurred? It had already occurred because they had issued the supplemental statement of the case, which triggered by the issuance of the supplemental statement of the case, that this matter was considered to be part of the same appeal that was previously instituted for the question of reopening under 5108. Mr. Carpenter, I was under the impression that what you were arguing, maybe I misread the briefs, but that your complaint was the fact that it was not sent back to the RO because at that point if the RO had reviewed it, an NOD could then at that time be issued and then an appeal would be available to the Board. That's correct. Now, missing that appeal step is your complaint. Is that the whole point? On the new material evidence. They decided that the new material evidence did not change the outcome. That's correct. Now, you're saying that that step should have been taken at the RO level for the specific purpose that you would then have an appeal to the Board. Well, I want to make sure that I'm understanding what you're saying. There are two procedures here. One is the 5108 jurisdictional determination. In the original decision of the VA, they said new material evidence had not been submitted, an appeal was initiated and completed, and the Board reversed that decision. And then they sent it back for a new decision. Instead of giving them a new decision, they issued a supplemental statement of the case, continuing their previous… They being the Board. No, they being the regional office. Okay. The Board had said there was new material evidence, then they sent it back to the regional office, and the regional office then made a determination by the issuance of a supplemental statement of the case. Was there anything wrong with the Board sending it back to the RO? Absolutely not. They did the right thing. Because they resolved the only matter that was in appellate status, the question under 5108 of whether there was new and material evidence, and they resolved that appeal in favor of Mr. Sims. But let's get to the second step. What was the second step that you're complaining about? The second step was that the VA was required to make a new decision on the reopened claim. At the RO level. At the RO level. And then give 5104A and 3.53B notice to the veteran, give him one year to file his notice of disagreement, and then give him the opportunity to have a de novo review for a decision review officer consideration of the reopened case. The flaw here is that the VA, notwithstanding the fact that they issued a supplemental statement of the case, never did adjudicate the reopened claim. The second step was never done. Well, the second separate matter. And the board itself, in its decision in this case, at page 77 of the joint appendix, conceded that if, in fact, this is a separate matter, then what the VA did by the issuance of a supplemental statement of the case was improper. You don't use a supplemental statement of the case to issue a new decision that has not been the subject matter of a prior statement of the case. The prior statement of the case in this matter was for the question of new and material evidence only. Now, what benefit would the veteran obtain by the remand? I'm sorry? What benefit does the veteran obtain by the remand except for the establishment of the appropriate procedure? Would the result be the same? Because the board has already decided the issue of the new material evidence, hasn't it? Right. The question of new material evidence is no longer on the table. That matter was resolved by the preceding board decision in, I believe, 2003. The board decision in 2005 impermissibly, in excess of its jurisdiction, addressed the merit determination, which had never been decided in the first instance by the VA at the regional office level. But that's what I'm saying. You remand it to the regional office. The regional office then is appealed to the board. The board has already decided that issue. No. Why would they change their mind? The regional office, in this case, the appropriate remedy is to vacate the board's decision and direct the board to return the matter to the VA for a decision in the first instance on the reopened claim, not on whether there's new and material evidence, but on the determination that was made in 2003 that Mr. Sims had met the jurisdictional threshold and was now entitled to a new decision on the reopened claim with both the new and the old evidence reconsidered by the VA in a new decision. At the RO level. At the RO level. But that decision has already been made at the board level, hasn't it, completely? That decision on the merits had, yes, Your Honor. But the problem is that it was an ultra-virus decision because the board had no jurisdiction to review a matter that had not been previously subject to a decision by the RO. So we send it back to the RO, and then the RO's decision is appealed, and then O.D. is filed. Well, but that presupposes… And then it goes up to the board. Let me finish. Okay. Sorry. And at that point in time, we have the same evidence, the same material, the same issues presented to the board, which they already had decided two years ago. But that's not a fair or correct characterization of what happens. Mr. Sims is free to submit additional evidence, and he gets the additional benefit of a de novo review of that denial presupposing there is a denial. Now, the fact that it's sent back does not necessarily mean that he will lose on his reopened claim. And he would be entitled to submit any additional evidence that he has that has been developed in the time period from the time that the board's decision was made in 2000. New material evidence at that point? Well, it would not be new and material evidence because it would be part of the evidence in a pending claim. That claim remains pending because it has never been decided on the merits by the VA in the first instance. And under 3.156B, because the claim is pending, he would be able to submit that evidence, and although the regulation refers to it as new and material evidence, it's not new and material in the 5108 context. Mr. Cormier, let me ask you, the RO did decide the merits in a supplemental statement of the case? That's correct. What I want to understand, what exactly is your problem with the supplemental statement of the case vehicle for deciding the merits? By the VA's own regulation, 19.31A, a supplemental statement of the case is not permitted to make a new decision on a matter that was not subject to a prior statement of the case. In this case, the prior statement of the case only addressed the question of new and material evidence. Now this gets you, I guess, to Bernard, right? That's correct. Certainly, what the board did here, you say it was wrong, but it was in line with Bernard. It was in line with Bernard, that's correct. So what we really have to do in order to rule in your favor is to overrule Bernard. Well, at least that portion of Bernard addresses 7104A in terms of whether under 7104A it is one matter or it is two matters. Because they addressed a new and material evidence case, and they said whether there's new and material evidence and whether you prevail on the new and material evidence is all kind of one ball of wax. That's correct. And that is the incorrect limit of determination and inconsistent with the intervening decisions from this court in Jackson, which described the 5108 process as jurisdictional in nature, and therefore clearly a separate threshold matter to the merit determination. And this court's decision in DAV v. Principi, in which this court invalidated a VA regulation. 19.09? That's correct. Because there were a number that were invalidated. Yes, that's correct. And the real difference there is that this court recognized in DAV v. Principi that the board should not be making decisions on evidence not previously considered by the VA. And it is my contention that in a supplemental statement of the case, you are not permitted to articulate a new decision. I have just one question that I wanted to ask. I saw in the record, Mr. Carboner, a complaint on your part in a brief that you submitted, I guess before the board, about the board in April of 2005 requesting a psychiatric opinion. Yes, an independent medical opinion. Yes, I didn't see that issue raised in the briefs on appeal here. So I gather you're just complaining about the jurisdictional issue. Just complaining about the jurisdictional problem. In fact, that issue became moot when they decided favorably that there had been new and material evidence. Okay. Well, we'll hear from the government. We'll restore your full rebuttal. You'll have your full five minutes. We'll hear from the government. Ms. Kilfoyle? Yes, thank you. May it please the Court. Whether there was new and material evidence to reopen Mr. Simms' claim, which was previously denied for lack of service connection, and whether Mr. Simms was entitled to service connection for his psychiatric disorder, are questions relating to a single matter for purposes of the board's jurisdiction under 38 U.S.C. 7104. Mr. Simms... Have we ever decided that question? Well, your decision in Jackson suggests that when service connection is appealed, all questions necessary for a decision in the matter of service connection must be decided. The answer is no. We've never decided whether the question of whether there is new and material evidence reopening and whether there is service connection after there's a reopening. We haven't decided whether those are the same questions. There's no case that definitively states as much, but we believe that Jackson is persuasive in that regard, and we note that Bernard was cited approvingly in Jackson. But not to that point, right? Well, yes, all questions in a matter of service connection, which include both whether there was after the claim has been finally denied, as this one was in 1989, in order to get the service connection, which is what Mr. Simms ultimately wants. Just reopening the claim doesn't get him anything. He's trying to establish service connection. In order to do that, because the denial was final, he needs a yes answer on two questions. First, whether there's new and material evidence to reopen, and second, whether both old and new evidence considered together can establish service connection. You're referring to that little CF site, I guess, in Jackson, right? That's correct. That's correct, in Jackson, and citing Bernard, but also just as a matter of common sense, he wants service connection. Just reopening doesn't get him. But we didn't adopt the holding of Bernard in Jackson, did we? No, it's different facts in Jackson. We did not adopt the holding or even the rationale. It was a CF site to Bernard at that point. That's correct, but it was cited approvingly for the proposition that when service connection is appealed, which is what he's ultimately trying to get, all questions in that matter of service connection are within the board's jurisdiction. Well, Mr. Carpenter acknowledges forthrightly in his oral argument that, you know, if we think Bernard was correctly decided, then he has a problem in the case. Yes, that's certainly true. And we do think their reasoning in that case is persuasive. We realize that this court is not bound by the decisions of the Veterans Court. But in addition to that case, just as a matter of common sense, what he's trying to get is service connection, not just reopening, and the matter is whether he is entitled to that service connection, which involves the question of reopening and the question of whether old and new evidence can establish that. I just want to clarify one point because I'm afraid it's become unclear, and that's that the board definitely did not decide this issue of service connection. She's not arguing that. Okay, I just want to make sure that's been clarified. The regional office did decide it. But you both talk about this in very theoretical terms. I mean, the reason for the process before the VA in the statement of the case process is to give the veteran another opportunity to submit additional evidence for a year and to get a new decision after that happens which considers the whole thing over again. So is this a situation in which the veteran should have that opportunity or should not have that opportunity? That seems to be what this case is about, right? I think that's a fair characterization of it. I mean, he did get the supplemental statement of the case in 2004, which gave him all the information about why it was decided, the regulations, what was relied upon. He also previously got a statement of the case and supplemental statements of the case telling him that his claim for service connection could not be reopened because no evidence had been submitted indicating a connection between his service and his psychiatric disability. And the supplemental statement of the case told him that service connection could not be established because there was not a connection between his psychiatric condition and his disability. It's not a situation where, for example, it was remanded to the regional office for consideration of service connection for his psych disability and they issued a supplemental statement of the case saying, by the way, we've noticed a problem with your foot and you don't get any service connection for that either. It's the same matter, the service connection for his psychiatric condition. We would also note that in Mayfield, this court addressed a very similar claim that a supplemental statement of the case didn't give someone notice and so their appeal was not valid. And they looked at the supplemental statement of the case and said that, well, it gave you notice, it gave you the regulations relied upon, it told you that you could appeal within 60 days,  and here the supplemental statement of the case met those criteria. We would also note that the provision in Section 1931A relied upon by Mr. Sims states that the purpose of that new issue preclusion is that the VA doesn't want people to be confused about whether they need to respond to a supplemental statement of the case. Here he knew he needed to respond because he filed an appeal and he was told that he could submit any additional evidence or information to the regional office level within 60 days and he chose not to do so. Is that the difference between a statement of the case and a supplemental statement of the case, that if it's a statement of the case you have a year to submit additional evidence and if it's a supplemental statement of the case you have 60 days? No, I think maybe I'm misunderstanding. His argument is not that he wanted a supplemental statement of the case, he just wanted a rating decision. I thought his argument is that he wants a statement of the case. He thinks there had to be a statement of the case by the RO, which would give him a year to submit additional evidence and also result in a second review of the case at the RO level. The statement of the case isn't going to do that. The rating decision would do that, and then he would get to file a notice of disagreement and then the statement of the case would be issued after his notice of disagreement. I don't understand. I don't get it. I'm trying to figure out what the prejudice is here, what it is that he's saying that he didn't get at the RO level, because we're talking about what happened at the RO level, and he's saying that the supplemental statement of the case wasn't the right procedure, that it had to be treated as a new issue, that he was entitled to a statement of the case and that that got him some procedural rights that he otherwise wouldn't have gotten. Is that my misunderstanding? My understanding of what his argument is is not that he wants a statement of the case, that he wants just a rating decision, which he could file a notice of disagreement in response to, which would then trigger the VA's obligation to issue a statement of the case. So once he gets that decision, he has a year from the time of that decision to file the notice of disagreement, which would trigger the statement of the case in response. I see. I see. But that's done at the RO level. Yes, that's correct. That's correct. But we'd also just like to note that in his brief at page 5, Mr. Sims admits that he does not disagree with the merits of the decision that he was not entitled to service connection. This case has been remanded numerous times for Mr. Sims' benefit. Excuse me for jumping in on you, but that's one thing I was going to ask. There was a lot of activity in this case up until 1993. I think there was, at least in terms of what's pertinent to us, then you have this, I guess you had a statement of the case. October 1993 there was a statement of the case, and then I think the next thing that's pertinent to us here is the November vote 2 board finding of new and material evidence, and then we have the remand. But is there anything pertinent to your side of the case in that sort of period between 1993 and 2002? Well, we would just like to stress that the VA voluntarily remanded this case to the regional office quite a number of times to try to make sure that Mr. Sims got the process to which he was due. It was remanded in that time period to adjudicate compliance with Hodge v. West and the VCAA. This is not a case where you've attempted to take shortcuts to deny him process to which he was due. For these reasons and the reasons in our brief, we respectfully request that you affirm the decision of the Veterans Court. Thank you. Mr. Carter said you have your full five minutes. Actually, Your Honor, I don't think that there's anything else that I really have to add unless there's any particular questions from the panel. I think I'm prepared to submit the matter. Thank you. I would like to clarify that your statement of my position is correct, that if you find Bernard is good law, then I lose. No, that's very helpful. It's good to have a candid assessment like that. Thank you. Ms. Kilpoil, thank you. The case is submitted.